The opinion of the Court was delivered by
WITHERS, J.
An order for security for costs, to be given by the plaintiff, was made, to be complied with on or before the ensuing term, under penalty of nonsuit. The order was entered on the minutes of the Court — default was made, the case remained on the docket, was marked continued, once at least, probably oftener, but with no evidence that defendant’s counsel, or the defendant himself, was apprised of this ; when, at March Term, 1854, the fourth term after the order was made, and the third term after it becalme final and absolute, a motion was made on behalf of the plaintiff, that he be allowed to enter the security nune pro tune, upon an affidavit, that the plaintiff’s counsel never had notice of the application for the order, nor of the order itself. The Circuit Court refused the motion for the plaintiff, and that determination is the subject of this appeal.
The case of McCollum vs. Massey & McNeill, (2 Bail. 606,) referring to some preceding cases of our own upon the subject of such orders as the present, took a distinction between orders that were interlocutory and administrative, and those which *258 operate finally upon rights of parties litigant. It is affirmed that over the first class of cases, a succeeding Circuit Judge may exercise bis discretion, restrained only by considerations of courtesy; over the last he may not — they are called quasi judgments, and, it is said, must be enforced, since they are final, after the time limited, or the happening of the contingency which makes them so. It is said in more than one of our cases, that in sucN case the plaintiff is out of Court, and his adversary may enter judgment as of nonsuit.
The rule thus stated has not been departed from. But this Court has recognized the obvious doctrine, that an advantage may be waived, and held that this was done where, notwithstanding default in securing the costs, the defendant pleaded to the declaration, and joined in the plaintiff’s commission to examine a witness. Fonville vs. Richey, 2 Rich. 10.
It is accordingly urged now, that a waiver of this defendant is to be found in one or both of two circumstances, to wit.: first, the continuance of this cause on the docket, and, second, the omission of defendant to enter up judgment of nonsuit against the plaintiff.
The answer to this is, that there is no evidence whatever, that the defendant, or his attorney, had knowledge that this cause was kept upon the docket, or that it was - ordered to be continued from one term to another. There is nothing, therefore, from which to infer his acquiescence in either, and so his waiver of the plaintiff’s default. Nor can any such inference be drawn from the omission to enter judgment — for allowing that this may be done before the default, upon which it depends, has been judicially ascertained, still it is clear that the force and effect of a judgment cannot be evaded, simply because the party who gains it, forbears to reap the fruits— and if this plaintiff was out of Court, such omission cannot have the effect to restore him. It may also be well urged, that re-entering the cause on the docket, from time to time, was the act of the clerk; if the counáel of either party must be *259 presumed to be implicated in this act, the presumption would be pointed rather at him for the plaintiff, since he had legally possession of the record, and had the interest and the office to push the prosecution of the litigation. The entry of continuance on the docket was the act of the Court, and no evidence appears at whose instance this was done in the present case.
It is unpleasant to hear that the plaintiff’s counsel had no notice of the purpose to apply for the original order. We all agree that caution in this and all similar proceedings is eminently proper on the circuit, to insure against injury from surprise. It is the temper and the habit of each of us to conform to this rule of caution. But the watchfulness of the bar is necessary to the accomplishment of the end, especially upon the occasion when motions are to be heard. It may be ,that an attorney is present, and yet does not hear what is proposed. Yet the Court would have to presume the contrary, as it must, that its minutes and records are known to those, at least, whom they immediately concern. At all events we are forced to hold, that an order for security for costs, is properly granted, else mischievous confusion and uncertainty would follow — bad results for any species of government, or any depart-* ment of it, worst of all for the judicial.
O’Neall, Wardlaw, Whitner, Glover, and Munro, JJ.s concurred.

Motion refused.